UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Lisa Dumensil,
      Claimant

      v.                                    Civil No. 10-cv-060-SM
                                            Opinion No. 2010 DNH 135

Michael J. Astrue, Commissioner,
Social Security Administration,
      Defendant

**O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant,
Lisa Dumensil, moves to reverse the Commissioner's decision
denying her applications for Social Security Disability Insurance
Benefits under Title II of the Social Security Act, 42 U.S.C.
§ 423 (the "Act"), and Supplemental Security Income Benefits
under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c.  The
Commissioner objects and moves for an order affirming his
decision.

**Factual Background**

I.   Procedural History.

In May of 2008, claimant filed applications for both
disability insurance benefits and supplemental security income
benefits, alleging that she had been unable to work since March

9, 2008 (subsequently amended to November 1, 2007), due to back
pain and depression.  Her applications were denied and she
requested a hearing before an Administrative Law Judge ("ALJ").

On August 20, 2009, claimant and her non-attorney
representative appeared before an ALJ, who considered claimant's
application de novo.  On September 18, 2009, the ALJ issued his
written decision, concluding that claimant retained the residual
functional capacity to perform the physical and mental demands of
her past work.  Alternatively, he concluded that she could
perform a significant number of jobs in the national economy.
Accordingly, he determined that claimant was not disabled, as
that term is defined in the Act, at any time prior to the date of
his decision.

Claimant then sought review of the ALJ's determination by
the Decision Review Board, which notified her that it would be
unable to conduct its review within the prescribed period.
Accordingly, the ALJ's denial of claimant's applications for
benefits became the final decision of the Commissioner, subject
to judicial review.  Subsequently, claimant filed a timely action
in this court, asserting that the ALJ's decision was not
supported by substantial evidence and seeking an order remanding

the matter to the ALJ, with instructions to correct the
identified (alleged) errors.  Claimant then filed a "Motion for
Order Reversing Decision of the Commissioner" (document no. 7).
In response, the Commissioner filed a "Motion for Order Affirming
the Decision of the Commissioner" (document no. 8).  Those
motions are pending.


II.  <u>Stipulated Facts</u>.

    Pursuant to this court's Local Rule 9.1(d), the parties have
submitted a statement of stipulated facts which, because it is
part of the court's record (document no. 9), need not be
recounted in this opinion.  Those facts relevant to the
disposition of this matter are discussed as appropriate.


**Standard of Review**

I.  <u>Properly Supported Findings by the ALJ are
    Entitled to Deference</u>.

    Pursuant to 42 U.S.C. § 405(g), the court is empowered "to
enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the
cause for a rehearing."  Factual findings of the Commissioner are

conclusive if supported by substantial evidence.[1]  See 42 U.S.C.
§§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health &
Human Services, 955 F.2d 765, 769 (1st Cir. 1991).  Moreover,
provided the ALJ's findings are supported by substantial
evidence, the court must sustain those findings even when there
may also be substantial evidence supporting the contrary
position.  See Tsarelka v. Secretary of Health & Human Services,
842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the
[Commissioner's] conclusion, even if the record arguably could
justify a different conclusion, so long as it is supported by
substantial evidence.").  See also Rodriquez v. Secretary of
Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981)("We
must uphold the [Commissioner's] findings in this case if a
reasonable mind, reviewing the evidence in the record as a whole,
could accept it as adequate to support his conclusion.").

      In making factual findings, the Commissioner must weigh and
resolve conflicts in the evidence.  See Burgos Lopez v. Secretary

---

[1]      Substantial evidence is "such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229
(1938).  It is something less than the weight of the evidence,
and the possibility of drawing two inconsistent conclusions from
the evidence does not prevent an administrative agency's finding
from being supported by substantial evidence.  Consolo v. Federal
Maritime Comm'n., 383 U.S. 607, 620 (1966).

of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984)

(citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)).  It

is "the responsibility of the [Commissioner] to determine issues

of credibility and to draw inferences from the record evidence.

Indeed, the resolution of conflicts in the evidence is for the

[Commissioner], not the courts." Irlanda Ortiz, 955 F.2d at 769

(citation omitted).  Accordingly, the court will give deference

to the ALJ's credibility determinations, particularly when those

determinations are supported by specific findings.  See

Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192,

195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health &

Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).


II.  The Parties' Respective Burdens.

     An individual seeking Social Security benefits is disabled

under the Act if he or she is unable "to engage in any

substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months."  42 U.S.C.

§ 423(d)(1)(A).  See also 42 U.S.C. § 1382c(a)(3).  The Act

places a heavy initial burden on the claimant to establish the

existence of a disabling impairment.  See Bowen v. Yuckert, 482

U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work.  See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512(g) and 416.912(g).  If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

    (1)  whether the claimant is engaged in substantial gainful activity;

    (2)  whether the claimant has a severe impairment;

    (3)  whether the impairment meets or equals a listed impairment;

    (4)  whether the impairment prevents the claimant from performing past relevant work; and

    (5)  whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520.  See also 20 C.F.R. § 416.920.  Ultimately, a claimant is disabled only if her:

    physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other

7

> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which [she] lives, or
> whether a specific job vacancy exists for [her], or
> whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

## Discussion

I.  Background – The ALJ's Findings.

In concluding that Ms. Dumensil was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920.  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since November 1, 2007, her alleged onset date.  Administrative Record ("Admin. Rec.") at 44.  Next, he concluded that claimant suffers from the following severe impairments: "lumbar degenerative disc disease and L5-S1 spondylolisthesis, and depression."  Id. at 45.  Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered

8

alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1. Admin. Rec. at 45-46.  Claimant does not challenge any of those findings.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of less than the full range of light work.[2]  Specifically, he concluded that:

> claimant can lift 20 pounds occasionally and ten pounds
> frequently.  In an eight-hour work day, the claimant
> can stand or walk for about 6 hours, and sit for
> approximately 6 hours.  The claimant can occasionally
> climb, balance, stoop, kneel, crouch, and crawl.  The
> claimant can perform entry level jobs, which do not
> require complex instructions or tasks, or periods of
> extended concentration.

---

[2]   "RFC is what an individual can still do despite his or her functional limitations.  RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

Admin. Rec. at 46.  In light of those restrictions, the ALJ
concluded that claimant was capable of returning to her prior
work as a skills instructor.  <u>Id</u>. at 49.[3]  Alternatively, using
the Medical-Vocational Guidelines (also known as the "Grid") as a
framework for his decision, the ALJ concluded that claimant was
capable of performing a significant number of other jobs in the
national economy.  <u>Id</u>.  Consequently, he concluded that claimant
was not "disabled," as that term is defined in the Act, at any
time through the date of his decision.


II.  <u>Claimant's Assertions of Error</u>.

        In support of her motion to remand, claimant advances the
following claims: (1) the ALJ failed to properly weigh the
opinion the physician assistant who treated claimant; (2) the ALJ
erred in finding that claimant's subjective complaints of pain
were not entirely credible; and (3) the ALJ erred in concluding
that she had the RFC to perform her past relevant work (step 4)
or, alternatively, that she could perform a reduced range of

---

[3]      The Commissioner concedes that the ALJ erred in making this
finding.  <u>See</u> Defendant's memorandum (document no. 8-1) at 2.
Nevertheless, he says the ALJ's alternate finding – that claimant
could perform other work that exists in the national economy – is
supported by substantial evidence.

light work available in the national economy (step 5).[4]  Because
it is dispositive of claimant's pending motion, only claimant's
first argument need be addressed.


III. Opinion Testimony from "Other" Medical Sources.

        In July of 2008, a non-examining state agency physician
reviewed claimant's medical records and completed a Physical
Residual Capacity Assessment.  Admin. Rec. at 184-91.  In it, he
concluded that claimant was capable performing light work, with
some restrictions.  But, because the non-examining physician did
not provide much in the way of a written explanation for his
conclusions, it is difficult to know with certainty what medical
records he relied upon in reaching those conclusions.  So, for
example, while he noted that claimant received "no relief" as a
result of physical therapy, he did not discuss the medications
that she was prescribed or their efficacy.  Additionally, in
reaching the conclusion that claimant is not disabled, the non-
examining physician considered only claimant's spondylolisthesis;
he did not address her depression - a condition the ALJ concluded
was "severe."

_____

[4]     Although claimant presents five distinct arguments in her
memorandum, some of them are closely related.  Accordingly, they
can properly be stated as three general assertions of error.

About a year later, Gayle Spelma, a physician assistant,
evaluated claimant and completed a Medical Source Statement of
Ability to Do Work-Related Activities (Physical).  Admin. Rec. at
192-98.  At that point, Spelma had been treating claimant for at
least a year, see Admin. Rec. at 212, and reached very different
conclusions than those of the non-examining state agency
physician.  For example, she concluded that claimant could never
lift or carry more than 10 pounds; could sit for no more than 5
minutes at a time, stand for no more than 15 minutes at a time,
and walk for no more than 15 minutes at a time; and, during an
eight-hour workday, claimant could sit for no more than a total
of one hour, stand for no more than two hours, walk for no more
than two hours, and would have to lie down for the balance of the
workday.  Spelma also opined that claimant had either "marked" or
"extreme" limitations in all activities related to successfully
performing and sustain work.  Admin. Rec. at 198.  In the end,
Spelma opined that claimant was capable of part-time work for
less than five hours per day or less than four days per week.

The opinions issued by Ms. Spelma and the state agency
physician are dramatically different and stand in stark contrast
to one another.  In support of her motion to remand, claimant
asserts that the ALJ failed to provide an adequate explanation

12

for his decision to reject Ms. Spelma's opinions and says his analysis of those opinions failed to conform to the requirements of Social Security Ruling 06-3p.[5]   The government, on the other hand, asserts that the ALJ is vested with considerable discretion when deciding how much (if any) weight to ascribe to observations and opinions given my someone who is not an "acceptable medical source," such as a nurse practitioner or a physician assistant. See generally Id.

The government's point is well taken - when deciding which medical source opinion(s) to credit, the ALJ is afforded a substantial amount of discretion.   But, when exercising such discretion, the ALJ must ordinarily discuss at least some of his reasons for accepting one source's opinion over another's. Otherwise, on appeal, the district court would have no way to determine whether that discretion was exercised reasonably.

The Social Security Ruling upon which both claimant and the government rely makes this reasonably clear (albeit implicitly).

---

[5]   Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims, Social Security Ruling 06-3p (Aug. 9, 2006), 2006 WL 2329939.

These regulations provide specific criteria for
evaluating medical opinions from "acceptable medical
sources"; however, they do not explicitly address how
to consider relevant opinions and other evidence from
"other sources" listed in 20 C.F.R. §§ 404.1513(d) and
416.913(d).  With the growth of managed health care in
recent years and the emphasis on containing medical
costs, medical sources who are not "acceptable medical
sources," such as nurse practitioners, physician
assistants, and licensed clinical social workers, have
increasingly assumed a greater percentage of the
treatment and evaluation functions previously handled
primarily by physicians and psychologists.  <u>Opinions
from these medical sources</u>, who are not technically
deemed "acceptable medical sources" under our rules,
<u>are important and should be evaluated on key issues
such as impairment severity and functional effects</u>,
along with the other relevant evidence in the file.

SSR 06-03p at *3 (emphasis supplied).  Because the regulations

provide that an ALJ <u>must</u> consider evidence from both non-

acceptable medical sources and "other sources," it is necessarily

implicit that at least in some cases, the ALJ must give some

modest explanation for the weight ascribed to such opinions.  In

other words, there will be situations in which it is not enough

to simply state, without more, that some opinions were considered

and rejected as being inconsistent with the medical record.  This

was one of them.


Here, the ALJ pointed out that "Ms. Spelma is not an

acceptable medical source," Admin. Rec. at 48, and then concluded

that "her opinions are not supported by the medical evidence on

record" and, therefore, "her opinions [were] given little
weight." <u>Id</u>.  At least in this case, more was necessary.  Of
course, it is possible to imagine a situation in which such an
explanation would be adequate - for example, where the record
contains overwhelming evidence, from multiple sources, that a
claimant is not disabled and the opinions of a non-acceptable
medical source stand in stark contrast to the great weight of the
evidence.  In this case, however, the evidence is far less clear-
cut.  The only opinion evidence in the record suggesting that
claimant has the RFC to perform a range of light work comes from
the non-examining state agency physician.  Admin. Rec. at 184-91.
And, while that physician completed nearly all of the appropriate
"check boxes" on the form, he offered little explanation for his
conclusions and, obviously, never met with or spoke to claimant
(and, because he issued his opinion a year before Selma's, he did
not have the opportunity to consider it or comment upon it).

    Juxtaposed against the non-examining physician's opinion is
the one issued by Ms. Spelma, Admin. Rec. at 192-98, who treated
claimant over a substantial period of time, was familiar with her
various treatments and medications (and their relative efficacy),
and, generally speaking, had the longitudinal view of claimant's

15

medical history that the Social Security regulations emphasize is important.

> Regardless of its source, we will evaluate every medical opinion we receive.  Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
>
> (1)   Examining relationship.  Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
>
> (2)   Treatment relationship.  Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion.  We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d) (emphasis supplied).

     To be sure, that provision of the Social Security regulations addresses opinions given by "acceptable medical

sources" and Ms. Spelma is not an acceptable medical source;
rather, she falls within the "other medical source" category.
But, SSR 06-03p considers that issue and provides:

> Although 20 C.F.R. §§ 404.1527 and 416.927 do not
> address explicitly how to evaluate evidence (including
> opinions) from "other sources," they do require
> consideration of such evidence when evaluating an
> "acceptable medical source's" opinion.  For example,
> SSA's regulations include a provision that requires
> adjudicators to consider any other factors brought to
> our attention, or of which we are aware, which tend to
> support or contradict a medical opinion.  <u>Information,
> including opinions, from "other sources" — both medical
> sources and "non-medical sources" — can be important in
> this regard</u>.  In addition, and as already noted, <u>the
> Act requires us to consider all of the available
> evidence in the individual's case record</u> in every case.

SSR 06-03p at 4 (emphasis supplied).  That ruling goes on to
provide that:

> [D]epending on the particular facts in a case, and
> after applying the factors for weighing opinion
> evidence, an opinion from a medical source who is not
> an "acceptable medical source" <u>may outweigh the opinion
> of an "acceptable medical sources</u>," including the
> medical opinion of a treating source.  For, example, it
> may be appropriate to give more weight to the opinion
> of a medical source who is <u>not</u> an "acceptable medical
> source" <u>if he or she has seen the individual more often
> than the treating source and has provided better
> supporting evidence and a better explanation for his or
> her opinion</u>.

<u>Id</u>. at *5 (emphasis supplied).

**Conclusion**

Given the particular facts of this case, the court concludes that the Administrative Law Judge was obligated to provide a more detailed explanation for his decision to reject the opinions of the physician assistant, Ms. Spelma - the medical professional with arguably the most detailed knowledge of claimant's condition, her treatment, and her response to that treatment. While the ALJ has a great deal of discretion in this area, he must give at least a brief and sufficient explanation for why he chose to exercise that discretion in a particular manner.  Here, the ALJ's reasons for rejecting Ms. Spelma's opinions are not sufficiently detailed to permit meaningful appellate review.

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 7) is granted to the extent she seeks a remand to the ALJ for further proceedings. The Commissioner's motion to affirm his decision (document no. 8) is denied.

Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

August 4, 2010

cc:  Raymond J. Kelly, Esq.
     Robert J. Rabuck, AUSA